IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-529-SLR |
| | ) |
| M. MANGE CEO, | ) |
| KENT COUNTY, INC., and | ) |
| ALLAN ANGEL, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of September, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Michael Duffy ("plaintiff") filed this civil action on June 15, 2010. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). An action is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The allegations at bar are related to the aftermath of a coastal storm that occurred on May 12, 2008, and the displacement of individuals from their property as a result of the storm. This is the fifth complaint plaintiff has filed in this court in an effort to redress perceived wrongs. The others are: (1) *Duffy v. Novoro*, 09-197-

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

SLR, dismissed as frivolous July 21, 2009; (2) *Duffy v. Kent County Levy Court*, 09-198-SLR; (3) *Duffy v. Delaware*, 09-817-SLR; and (4) *Duffy v. Angel*, 10-383-SLR, dismissed as frivolous August 16, 2010.

7. The instant complaint raises claims of extortion and racketeering pursuant to 18 U.S.C. § 1964. Plaintiff complains of the condemnation of his family cottage, eviction, demolition, extortion for payment of taxes although he is exempt from paying them, refusal to issue building permits, and noncompliance with County Codes. Virtually all of these allegations have been raised in various other complaints here, and in the State Court, or they are related to the other cases plaintiff has filed. In addition, plaintiff indicates that "[t]hese matters, while brought before state court remain unresolved in total, and have produced only redundant fees [taxes] for the plaintiff with zero access to land." (D.I. 2 at 3) The complaint further states that "[f]ilings as of 09-198, 09-817 and 10-383 comprise the path to the conclusions reached in this civil and criminal complaint. Assuming the state courts will eventually address the 1/2009 complaint brought . . . ." (*Id.* at 11)

8. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993) (a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff). *See also Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority

of § 1915); *McGill v. Juanita Kraft Postal Service*, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

9. Plaintiff's pattern of filing repetitive claims arise out of a common nucleus of operative facts and are related to the 2008 coastal storm. Some of his claims remain pending, while others have been dismissed. The filing of this complaint falls squarely in the category of malicious litigation. Plaintiff's continual filing of new cases in an effort to obtain the recovery he desires is an abuse of the system. Based upon the foregoing, the court concludes that plaintiff's complaint is malicious within the meaning of section 1915(e)(2)(B).[2]

10. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview*

---

[2]Based upon statements in the complaint, dismissal may also be proper as barred by the *Rooker-Feldman* doctrine or pursuant to the *Younger* abstention doctrine since there appears either concluded, or pending, State Court litigation. The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state proceedings and applies to proceedings until all appellate remedies have been exhausted. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437; *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010).

*State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

/s/ 

UNITED STATES DISTRICT JUDGE
